

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CIVIL ACTION-LAW

| | | |
|---|---|---|
| **MICHELE WENGER** | : | |
| 9828 Bonner Street | : | |
| Philadelphia, PA 19115 | : | |
| | : | |
| Plaintiff | : | |
| | : | No.: |
| v. | : | |
| | : | |
| **VISION FINANCIAL** | : | Jury Trial Demanded |
| **CORPORATION** | : | |
| 11960 Westline Industrial Drive | : | |
| Suite 330 | : | 13   6015 |
| Maryland Heights, MO 63146 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. Section 227, *et seq.* and other common law claims. These laws prohibit bill collectors/debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURIDSDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

3.     Defendant obtains the benefit(s) of regularly transacting business in Philadelphia
County of the Commonwealth of Pennsylvania.

4.     A portion of the conduct complained of in this Complaint occurred in
Philadelphia County.

## PARTIES

5.     All previous paragraphs of this complaint are incorporated by reference and made
a part of this Complaint.

6.     Plaintiff is Michelle Wenger, an adult individual with a current address of 9828
Bonner Street, Philadelphia, PA 19115.

7.     Defendant(s) is Vision Financial Corporation,  a business engaged in consumer
debt collection that regularly conducts business in the Eastern District of Pennsylvania
with its principle place of business located at 11960 Westline Industrial Drive, Suite 330,
Maryland Heights, MO 63146.  Defendant attempts to collect debts in default using the
telephone and the mails and regularly attempt to collect said debts.

## FACTUAL BACKGROUND

8.     All previous paragraphs of this Complaint are incorporated by reference as though
fully set forth herein.

9.     The alleged debt at issue arose out of a transaction which was primarily for
personal, family or household purposes.

10.     On or about September 2013, October 2013 and October 10, 2013, within 365
days from the date of the filing of this Complaint, Defendant called via autodialer and/or

excessively contacted Plaintiff by telephone at Plaintiff's cellular number 215-570-0302.

Defendant called Plaintiff using different phone numbers such as 215-710-0646 and 201-266-5327 in an attempt to deceive and harass Plaintiff.

11.     On or about October 10, 2013, in an attempt to coerce payment, shame and humiliate Plaintiff, Defendant and its agent/employee, Veronica Medinado, called Plaintiff on her cell phone and was belligerent and demeaning to Plaintiff.

12.     At all times material hereto, on October 10, 2013 Plaintiff explained to Defendant and its agent/employee Veronica Medinado that currently she was the only one working in her family.

13.     Notwithstanding Plaintiff's explanation regarding her being the only one working in the family, Defendant and its agent/employee Veronica Medinado stated as follows:

*"That's not our problem;"*

*"I don't know why you're throwing this on him (Plaintiff's husband), it's your debt;"*

*"We gave you the money, now we want the money back;"*

*"Sounds like you're stalling;"*

*"How often do you get paid;"*

*"Let me get your account number."*

Defendant did in fact harass, humiliate and shame Plaintiff.

14.     Plaintiffs believes and therefore avers that at no time material hereto did Plaintiff disclose her cellular phone number 215-570-0302 to the original creditor or to Defendant.

15.     At no time material hereto were any of the phone calls Defendant placed to Plaintiff of an emergency nature.

16.     Defendant acted in a false, deceptive, misleading and unfair manner by engaging in false representation or deceptive means to collect or attempt to collect any debt.

17.     Defendant's conduct was intended to harass, annoy and/or abuse Plaintiff and Plaintiff suffered and continues to suffer emotional upset and emotional distress due to Defendant's conduct.

18.     Defendant knew or should have known that its actions violated the FDCPA and the TCPA and could have taken the steps necessary to bring their agent's actions within compliance of these said statutes.  Defendant neglected to do so and failed to adequately review those actions to insure compliance with said laws.

19.     At all times material hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment and under the control of Defendant named herein.

20.     At all times material hereto, Defendant's conduct and the conduct of Defendant's agent(s), servant(s) and/or employee(s) was reckless, willful, wanton and negligent and in disregard for federal and state laws regarding Plaintiff .

21.     As a result of Defendant's conduct, Plaintiff sustained emotional distress, mental pain and anguish, shame, embarrassment, humiliation and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.


## COUNT I
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.


22.     All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

23.  Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

24.  Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

25.  At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt"against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

26.  Defendant violated the FDCPA, 15 U.S.C Sections 1692c(a)(1), 1692d, 1692e, 1692e(7), 1692e(10) and 1692f in the following manner:

        (a)  Communicating with the Plaintiff at a time or place known or which should be known to be inconvenient to the consumer Plaintiff;

        (b)  Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

        (c)  Using false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

        (d)  Falsely representing or implying that the consumer committed certain conduct in order to disgrace the consumer;

        (e)  Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

27.     A violation of any consumer statute, in this case the Telephone Consumer

Protection Act is also a violation of the FDCPA.  Defendant engaged in per se violations

of 1692c(a)(1), 1692d, 1692e, 1692e(7), 1692f.

28.     The FDCPA is a strict liability statue and "because the Act imposes strict liability,

a consumer need not show intentional conduct by the debt collector to be entitled to

damages. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997);

Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

29.     Defendant's actions and/or omissions as described above were malicious,

intentional, willful, wanton, reckless and negligent against Plaintiff.

30.     Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

31.     Defendant is liable for the acts committed by its agents under the doctrine of

respondent superior because Defendant's agents were acting within the scope of

their employment with Defendant.

32.     In the alternative, Defendant(s) is liable for the conduct of its agents / employees

under the theory of joint and several liability because Defendant and its agents /

employees were engaged in a joint venture and were acting jointly and in concert.

33.     Any mistake made by Defendant would have included a mistake of Law.

34.     Any mistake made by Defendant would not have been a reasonable or bona fide

mistake.

## COUNT II
## VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC SEC. 227 ET. SEQ.

35.    All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

36.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. Section 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

37.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227 (b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

38.    At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. Section 153 (10).

39.    Plaintiff's account went into collections, and the account was referred to Defendant for the purpose of collection.

40.    At no time did Plaintiff provide Defendant with Plaintiff's cell phone number.

41.    At no time did Plaintiff provide the original creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

42.    Defendant repeatedly contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received repeated calls from Defendant on Plaintiff's cellular phone.

43.    It is believed and averred that Defendant used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls, including, but not limited to skip tracing.

44.    Many of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular

telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. section 227 (a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

45.     The telephone number that Defendant used to contact Plaintiff at by using an "automatic telephone dialing system," was assigned to Plaintiff's cellular telephone service as specified in 47 U.S.C. Section 227(b)(1)(A)(iii).

46.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. Section 227 (b)(1)(A)(i).

47.     Plaintiff did not provide "express consent" allowing defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. Section 227(b)(1)(A).

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and seeks compensatory and punitive damages against Defendant and all other relief as the Court deems just and proper.

## COUNT III
## VIOLATION of PENNSYLVANIA'S FAIR TRADE EXTENSION UNIFORMITY ACT, 73 PS 2270.1 et. seq. and PENNSYLVANIA'S UNFAIR TRADE AND CONSUMER PROTECTION LAW, 73 PS. 201 et. seq.

48.     All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

49.     Plaintiff is a consumer debtor as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

50.     Defendant is a debt collector as defined by Pennsylvania's Fair Trade Extension

Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer

Protection Law, 73 PS. 201 et. seq.

51.     Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and

Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit

any unlawful attempt to collect a consumer debt.

52.     The aforementioned misconduct by Defendant is also a violation of

Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and

Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because

it was an unlawful attempt to collect a consumer debt.  A violation of the FDCAP would

also be a per se violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73

PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73

PS. 201 et. seq.

## DAMAGES

53.     All previous paragraphs of this Complaint are incorporated by reference as though

fully set forth herein.

54.     Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C.

Sections1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section

1692k(a)(3).

    (a)     Actual damages, including but not limited to phone, fax, stationary,

postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

    (b)     Statutory Damages  pursuant to 15 U.S.C. Section 1692k(a)(2)(A) -
        $1,000.00;

(c)   $500-$1,500  per call  statutory damages pursuant to TCPA;

(d)   $5,000.00 Damages for Emotional Distress, Humiliation, Embarrassment and Anxiety;

(e)   Statutory damages pursuant to 73 P.S. Section 2270.5(c);

(f)   Actual Damages pursuant to 73 P.S. Section 201-9.2(a);

(g)   Statutory damages pursuant to 73 P.S. Section 201.9-2(a);

(h)   Treble damages pursuant to 73 P.S. Section 201-9.2(a)

(i)   Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3). Attorney's fees are calculated at a rate of $350.00 per hour. Plaintiff's attorney fees continue to accrue as the case move forward.

(j)   All other relief that the Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant and seeks compensatory damages, punitive damages, attorney's fees and costs  against Defendant and all other relief as the Court deems just and proper.

Respectfully Submitted,
**BLITSHTEIN & WEISS, P.C.**

By: _____

Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: 10/11/2013